## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MONICA OWENS** | : | **CIVIL ACTION** |
| **964 W. South Street** | : | |
| **Smyrna, DE 19977** | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | C.A. NO.   1:20-cv-15543 |
| | : | |
| **HARD ROCK CAFÉ** | : | |
| **INTERNATIONAL, INC. d/b/a** | : | |
| **HARD ROCK HOTEL & CASINO** | : | |
| **ATLANTIC CITY** | : | |
| **1000 Boardwalk** | : | |
| **Atlantic City, NJ 08401** | : | |
| **Defendant.** | : | |

## CIVIL ACTION – NEGLIGENCE

1. Plaintiff is an adult individual residing at the above-captioned address and a citizen of the State of Delaware.

2. Defendant is a Florida Corporation having its primary place of business at the above-captioned address and a citizen of the State of Florida.

3. This Court has original jurisdiction over this matter based on 28 U.S.C. Section 1332 relating to the diversity of citizenship of the parties. The amount in controversy exceeds (exclusive of interest and costs) the sum of Seventy-Five Thousand Dollars ($75,000.00).

4. Venue is proper in this Court under 28 U.S.C. Section 1391(a) because a substantial portion of the events and conduct giving rise to this claim occurred in Atlantic County, New Jersey.

5. On or about December 9, 2018, at approximately 9:00 p.m., Plaintiff was a patron of defendant attending the Motor City Live show in the Sound Waves venue in defendant's premises at the above-captioned address.

6. The premises in question, at the above-captioned address was owned, operated, possessed and/or controlled by defendant and/or its agents.

7. At all times relevant hereto, defendant managed, operated, maintained, and controlled the premises.

8. At all times relevant hereto, defendant acted and/or failed to act by and through its principals, agents, workmen, servants, employees and/or independent contractors acting within the scope of their employment.

9. On the aforesaid date, due solely to the negligence and carelessness of defendant as more fully set forth below, plaintiff was caused to stumble and/or fall by a dangerous and defective gap in a portable seating platform thereby causing her to suffer severe and disabling injuries as more fully set forth below.

10. The aforesaid incident and resulting injuries to plaintiff were caused by defendant's negligence and carelessness which consisted of the following:

   a) Failing to use due care in selecting the portable/adjustable seating platforms;
   b) Failing to use due care in assembling the portable/adjustable seating platforms;
   c) Failing to use due care in selecting the configuration of the portable/adjustable seating platforms;
   d) Failing to use due care in the placement of portable seats on the portable/adjustable seating platforms;
   e) Failing to use due care in the placement of the sound and/or light mixing equipment on the portable/adjustable seating platforms;
   f) Failing to use due care monitoring the placement and position of the various elements of the portable/adjustable seating platforms;
   g) Negligently permitting a dangerous gap to exist and/or develop during the use of the portable/adjustable seating platforms;

      h) Negligently failing to protect the gap;

      i) Negligently failing to cover the gap;

      j) Failing to provide adequate lighting on or adjacent to the portable/adjustable seating platforms;

      k) Failing to use due care in securing various elements of the portable/adjustable seating platforms;

      l) Failing to use due care in inspecting the various elements as well as the whole of the portable/adjustable seating platforms;

      m) Failing to maintain the portable/adjustable seating platforms and their component parts in a reasonably safe condition;

      n) Failing to warn its business invitees such as plaintiff of the actual and potential dangers of the portable/adjustable seating platforms;

      o) Failing to adequately warn plaintiff of the presence of the gap in the portable/adjustable seating platforms;

      p) Failing to use due care in hiring, training and/or supervising its agents, workmen and/or employees in all aspects of the assembly, inspection, and maintenance of the portable/adjustable seating platforms; and

      q) Failing to use due care in hiring, training and/or supervising any and all outside vendors and/or contractors who had any part in the assembly, inspection and/or maintenance of the portable/adjustable seating platforms and/or placement of sound or light equipment.

11. The accident was caused solely by the negligence and carelessness of defendant and was in no manner due to any act or failure to act on the part of plaintiff.

12. As a result of the aforementioned negligence and carelessness of defendant, plaintiff suffered severe and disabling injuries to the bones, muscles, skin, nerves, tendons, ligaments, tissues and blood vessels of her body, including without limitation of the foregoing sprain and strain of both shoulders with a torn rotator cuff (left), disruption of prior knee replacement (right), partial tear of fibular collateral ligament (right), and other secondary problems

and complications, the full extent of which are not yet known and some or all of which may be permanent in nature.

13. As a result of the aforementioned carelessness and negligence of defendant, plaintiff has in the past been prevented and in the future may be prevented and precluded from attending to her normal duties, occupations and avocations; in addition, she suffered, and she may in the future, continue to suffer pain, mental anguish, humiliation, loss of sense of worth and "well-being", inability to engage in her normal activities and inability to pursue the normal and ordinary pleasures of life.

14. As a result of the aforementioned carelessness and negligence of defendant, plaintiff has in the past required and she may in the future continue to require, hospitalizations, medical/surgical care and other treatment and the plaintiff has, in the past, incurred and she may in the future continue to incur expenses for medicines, hospital, medical care and/or rehabilitative care to attend to, treat, alleviate, minimize and/or cure her conditions.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with lawful interest and costs.

Respectfully submitted,

CREECH & CREECH LLC

_____
TIMOTHY P. CREECH
Bar No: 014241997
1835 Market St., Suite 2626
Philadelphia, PA 19103
(215) 575-7618; (Fax) 215-575-7688
Timothy@AttorneyCreech.com
Attorney for Plaintiff